15086

STEWART v. McLELLAN'S STORES CO. *ET AL.*

(9 S. E. (2d), 35)

*Messrs. Osborne, Butler & Moore,* for appellant. 

*Messrs. Young & Long* and *Barron, Barron & Walker,* for respondent, 

May 13, 1940.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Plaintiff brought action in the Court of Common Pleas for Union County to recover damages, actual and punitive, for injuries alleged to have been suffered by reason of an assault and battery willfully, intentionally and maliciously in-

flicted upon her by C. E. Johnson, the manager of defendant's store, who with considerable force and violence maliciously struck and slapped plaintiff on the right side of her face; by which unlawful, willful and malicious assault and battery plaintiff was greatly humiliated, outraged and embarrassed and dejected, and injured in her face and nervous system, and caused to suffer great pain and anguish of mind and body.

For answer, the defendant set up for a first defense a general denial. And for a second defense, that plaintiff's remedy, if she had any, is under the Workmen's Compensation Act, which rights are exclusive.

The plaintiff demurred to this second defense on the ground that the allegations contained in the complaint do not state facts sufficient to constitute a defense to plaintiff's cause of action, in that the provisions of the Workmen's Compensation Act do not affect and have no relation to a cause of action for damages arising out of a willful and malicious assault and battery; and upon the further ground that the remedy and relief afforded by the Act is confined to causes of action arising out of accidents suffered by employees in the course of employment.

Argument on the demurrer was heard by Judge Gaston, who filed an order sustaining the demurrer. From this order, the appeal comes to this Court upon exceptions which are confined by the appellant, in its brief, to the single issue: Does the Workmen's Compensation Act provide the exclusive remedy for a willful and malicious assault and battery committed by the employer on the employee? Is this such an accident as falls, within the provisions of the Workmen's Compensation Act, or has the employee a right of action against the employer at common law?

Appellant's counsel in this case have filed an exhaustive and able brief, in which they have reviewed decisions from nearly all of the Courts of the various states, and of the Federal Courts.

This Court in the case of *Manning v. Gossett Mills et al.*, 192 S. C., 262, 6 S. E. (2d), 256, 258, had this to say: "The large majority of the states have adopted Workmen's Compensation Acts, and nearly all of them have features in common. It is interesting to study and compare them, and note the decisions of the Courts of the various states anent their elucidation of the provisions thereof. However, these are not binding on this Court. We must depend upon the findings of our own Courts in passing upon the provisions of the Workmen's Compensation Act of our State."

The question we are called upon to decide now is entirely one applicable to the language of the South Carolina Workmen's Compensation Act. In other words, does the Workmen's Compensation Act of South Carolina provide an exclusive remedy in a case of the character before us now, in which the person who would be claimant under that Act suffered no physical injury, which left no visible effect, and which did not cause the plaintiff any actual physical pain, but in which other things were done which entitled him to some remedy? This question has not been expressly decided in this State.

In the case of *Cummings v. McCoy*, 192 S. C., 469, 7 S. E. (2d), 222, 223, Cummings brought action against McCoy in the Court of Common Pleas to recover damages for injuries which he alleged he sustained when McCoy, the manager of the corporation, struck a match and threw it on or near the plaintiff, who had already informed McCoy that he had spilled gasoline on his trousers, and which ignited the trousers of the plaintiff. The defendant demurred to the complaint; the demurrer was overruled. On appeal the order overruling the demurrer was reversed and the Court held that it was a matter within the limits and provisions of the Workmen's Compensation Act. This Court predicated its opinion, reversing the lower Court, on the ground that: "There is no allegation that the defendant's manager intended to injure the plaintiff; and the allegation of willful-

ness and wantonness is more reasonably attributable to the striking and throwing of the match than to a purpose to injure the plaintiff."

It is patent that if there had been an allegation in the complaint that the defendant's manager intended to injure the plaintiff, when he struck and threw the match which ignited the gasoline on plaintiff's trousers, there would have been a cause of action outside the provisions of the Workmen's Compensation Act and plaintiff would not have been confined to his remedies under that Act. In the present case, the plaintiff's action is for an assault and battery intentionally inflicted upon the employee by the representative of the employer. In the above case of *Cummings v. McCoy,* this Court said: "Whether the Act shall be construed to embrace injuries wilfully (that is to say, intentionally) inflicted involves important questions of statutory construction upon which the decisions of the Courts of other states appear not to be in harmony. There is no occasion in this case to adjudicate the matter under the South Carolina Act."

As we have said, the authorities of the other states are much divided on this subject and we prefer, therefore, to adhere to the provisions of our own Workmen's Compensation Act.

The Act of South Carolina No. 610, found in the Acts of the General Assembly of 1936, Act July 17, 1935, 39 St. at Large, p. 1231, contains Section 31, the title of which is "Schedule of Disability For Certain Injuries." There is provision under Subsections (a) to (t), inclusive, stating the nature of the injuries and the amounts of disability which lie from the loss of a thumb down to and including every other physical disability to Subsection (t), which provides for the loss of the vision of an eye and for serious facial and head disfigurement. It nowhere provides for an injury which leaves no physical disability or loss. Section 29 provides: "Where the incapacity for work resulting from the injury is total, the employer shall pay," etc. Section 30 pro-

vides: "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay," etc.

It is apparent from these provisions that where no physical disability has been suffered by the claimant there is no ground for action under the Workmen's Compensation Act. In this present case, upon what ground would the Commission award compensation to the claimant?

The practical question is this: If an employer commits an assault and battery upon an employee and no physical disability follows which would entitle the employee to compensation under the Act, is the employee debarred of bringing action at common law? If it be conceded that if an employee suffer an injury, in the course of his employment, at the hands of a fellow workman or at the hands of an outsider, it is an accident, can an intentional, willful and malicious assault and battery by the employer or his representative, his *alter ego,* be considered such an accident?

In the case of *Cole v. Anderson Cotton Mills,* 191 S. C., 458, 4 S. E. (2d), 908, 912, this Court defined the term accident in the following words, quoting from the case of *Western Com. Traveler's Association v. Smith,* 8 Cir., 85 F. 401, 40 L. R. A., 653: " * * * 'An effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and * * * cannot be charged with the design of producing, * * * is produced by accidental means.' "

To say that an intention and malicious assault and battery by an employer on an employee is such an accident is a travesty on the use of the English language; and the travesty becomes the more pronounced when it is argued that the employee is restricted for his recovery to the provisions of the Workmen's Compensation Act, although no physical disability, which alone entitles him to compensation under the Act, has been suffered. Such con-

struction gives to the employer who committed the assault and battery complete immunity for his offense, because it deprives the employee of his right of action at common law.

"A compensation act that is compulsory or that has been accepted by both employer and employee excludes other remedies only when conditions existing in a particular case have brought it within the terms of the Act. The mere fact that the employer and employee are subject to the act does not deprive them of their common-law remedies if conditions in the case place it outside the scope of the act, as, for example, where the injury suffered was not caused by an accident, or did not result in disability; nor will the action at law be dismissed * * *." 71 C. J., Section 1489, page 1482.

Judge Gaston committed no error in sustaining the demurrer to the second defense set up in the answer.

Judgment affirmed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.

### ON PETITION FOR REHEARING

### Denied May 27, 1940

*Per curiam.*

We are aware of the case of *Boek v. Hing,* 180 Minn., 470, 231 N. W., 233, 72 A. L. R., 108, but the rule there laid down does not meet with our approval and is not binding on us. When the assault is committed by the manager of the corporation, he is the *alter ego* of the principal, *i. e.,* of the employer, and the rule of *respondeat superior* does not prevail to the extent of making the matter one within the exclusive province of the Workmen's Compensation Act. Where the assault is committed by a fellow employee or by an outsider, it may be argued that the matter falls within the limits of the terms of the Workmen's Compensation Act.

We think the second ground of the petition for rehearing is fully covered by the opinion of the Court.

The petition is refused.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.