## 17861

Churchill C. POWERS, Executrix of the Estate of Robert W. Powers, Appellant, v. Emma H. POWERS, Executrix of the Estate of Ervin T. Powers, Respondent.

(123 S. E. (2d) 646)

*Messrs. William A. Rogers,* of Bennettsville, and *Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, and *Miller & Miller,* of Bennettsville, *for Respondent,*

*Messrs. William A. Rogers,* of Bennettsville, and *Robinson, McFadden & Moore,* of Columbia, *for Appellant, in Reply,*

January 8, 1962.

LEWIS, Justice.

This is a common-law action for the wrongful death of Robert W. Powers, brought by the executrix of his estate against the executrix of the estate of Ervin T. Powers. The deceased were fellow employees and the issue involved in this appeal concerns the right of the plaintiff to maintain the present action, in view of the fact that all parties were sub-

ject to the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.*, 1952 Code of Laws.

This suit arose out of the deaths of both Robert and Ervin Powers in an airplane crash which occurred when the plane in which they were flying struck a mountain near Asheville, North Carolina. They were brothers and were employed by a general heating and plumbing business, owned by their father, J. L. Powers. They and their employer were operating under and subject to the South Carolina Workmen's Compensation Act. While on a business trip for their employer, traveling in an airplane owned and piloted by Ervin Powers, they were both killed when the airplane in which they were flying crashed. Their deaths were the result of an accident which arose out of and in the scope of their employment, and the wife and children of each have been paid full benefits under the South Carolina Workmen's Compensation Law.

After workmen's compensation benefits were paid, this action was instituted by the executrix of the estate of Robert Powers to recover for his wrongful death, allegedly resulting from the negligence of Ervin Powers, a fellow employee, in the operation of the airplane at the time. Upon the trial of the case and at the conclusion of all of the testimony, the trial judge directed a verdict against the plaintiff upon the ground that an employee, as here, subject with his employer to the provisions of the Workmen's Compensation Act, whose injury arose out of, and in the course of his employment, could not maintain an action at common law against his follow employee whose negligence caused the injury. The ruling of the trial judge was based upon the decision of this Court in *Nolan v. Daley*, 222 S. C. 407, 73 S. E. (2d) 449. The plaintiff has appealed from the decision of the lower Court and concedes that the decision in *Nolan v. Daley* precludes the maintenance of the present action unless that decision is either (1) overruled, or (2) held to be inapplicable to the facts of this case.

The plaintiff has petitioned that we review and over-rule the decision in *Nolan v. Daley,* decided November 12, 1952. That decision involved a construction of Section 72-401 of the 1952 Code of Laws, as it affected the right to maintain an action such as is here involved. While the Court was not unanimous at that time, as it would not be now if the question were being presented for the first time, the issues, relative to the proper construction to be placed upon the statute in question, were considered and decided against the contention of the plaintiff by a majority of the Court. The divergent views upon the question are set forth in that case in the majority and dissenting opinions and it is unnecessary to repeat them here. We have decided to adhere to the decision in *Nolan v. Daley* that the Workmen's Compensation Act precludes a common-law action for damages by an employee under the act against a co-employee based on the latter's negligence during the course of their employment. The language of the Court in *Alexander v. Hunnicutt,* 196 S. C. 364, 13 S. E. (2d) 630, is appropriate here: "The majority and the dissenting opinions each lucidly states the divergent views of the members of the court as it was then constituted and of course the prevailing opinion became the law of the case. And having due regard to the salutary doctrine of *stare decisis* we do not think the court would be justified in overruling that case. It is manifestly in the public interest that the law remain permanently settled. Especially is this so in the construction of statutes, for if any change in the statutory law is desired, the General Assembly may readily accomplish it."

The plaintiff contends, however, that, if *Nolan v. Daley* is not overruled, it should be held inapplicable to the circumstances of this case. It is argued that the ruling in that case should be limited to those situations where the negligent conduct of the employee arises out of the ordinary performance of the employer's business, and should not apply where an employee engages in an activity which imperils or endangers his fellow workers to a greater

extent than the normal performance of his job requires. It is the contention of plaintiff that the business trip, upon which the employees were engaged at the time, was made more hazardous by the fact that defendant's testate chose that they make the trip by private airplane instead of by automobile. Neither the degree of fault of the negligent employee, nor the particular method used at the time to perform the work, is determinative of whether an action may be maintained against him by an injured co-employee. It was held in *Nolan v. Daley* that "an employee, subject with his employer to the provisions of the Workmen's Compensation Act of this state, whose injury arises out of, and in the course of his employment, cannot maintain an action at common law against his co-employee, whose negligence caused the injury." The test is: Did the injury to the employee arise out of, and in the course of his employment? If it did, he cannot maintain an action at common law against his fellow employee whose negligence caused his injury. Assuming that the method of travel selected at the time was more hazardous than other methods that might have been chosen, the fact remains that the injuries complained of resulted from an accident which arose out of and in the course of employment. The Workmen's Compensation Act, as construed in *Nolan v. Daley,* exempts defendant's testate, as a fellow employee, from suit under the circumstances.

Affirmed.

TAYLOR, C. J., and OXNER, MOSS and BUSSEY, JJ., Concur.