18153

In Re Bradley A. LAYTON, Plaintiff-Respondent, v. Arthur Lee FLOWERS and One 1957 Chevrolet Bearing 1962 S. C. License No. D329-522; of which said 1957 Chevrolet is, Defendant-Appellant, F. H. Rimer, Intervenor-Appellant.

(134 S. E. (2d) 247)

*Messrs. Herbert & Dial,* of Columbia, *for Intervenor-Appellant, and Defendant-Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent,*

*Messrs. Herbert & Dial,* of Columbia, *for Intervenor-Appellant, and Defendant-Appellant, in Reply,*

January 13, 1964.

BRAILSFORD, Justice.

This action for damages arose out of an automobile collision caused by the negligence of one Flowers in the operation of a 1957 Chevrolet automobile. Flowers defaulted and appellant, a subsequent purchaser of the Chevrolet, intervened. He interposed the defense of *bona fide* purchaser for value without notice against the collision lien claimed by respondent under Sec. 45-551, Code of 1962. This plea was overruled by the trial court upon the authority of *Tate v. Brazier,* 115 S. C. 283, 105 S. E. 413. Appellant recognizes that this decision is athwart his contention that the plea of *bona fide* purchaser of an automobile is good against a collision lien claimant but urges that we now overturn that decision upon the ground that it was erroneously decided.

We are impressed by the ability and diligence of counsel in advocating the cause of his client. However, the statute, as construed, in Tate, has, with the implied approval of the leg-

islature, been the law of this State for more than forty years. When a statute which has been construed by a court of last resort is included in a codification of laws thereafter adopted, without significant change in phraseology, the presumption is that the legislature intended to adopt such construction. 50 Am. Jur., Statutes, Sec. 455; 82 C. J. S., Statutes, § 385 c. While this is not an invariable rule, the presumption in this instance is strengthened by the passage of time and by an amendment and re-enactment of the statute in 1942*, which simply broadened its coverage by including damages for wrongful death. 82 C. J. S., Statutes, § 370 b. We think that it would exceed the bounds of proper judicial restraint to overturn a construction which has had implied legislative sanction through the inclusion of the statute in five successive codes and its re-enactment in 1942, all without significant amendment.

It is well settled that the doctrine of *stare decisis* is ■ especially applicable to decisions construing statutes because any desirable change may be readily accomplished by the legislature. *Powers v. Powers,* 239 S. C. 423, 123 S. E. (2d) 646; 21 C. J. S., Courts, § 214.

The Chevrolet in question was seized by a credit company and sold in its wrecked condition to a motor company for $350.00 which was its fair market value. After repairing the car, this company sold it to a dealer for $725.00. Appellant purchased it from the dealer for $970.00. Respondent's judgment is for $949.08. The final question for decision is whether the enforcement of this judgment against the automobile in the hands of an admittedly innocent purchaser for value without notice should be limited to the value of the automobile at the time the lien arose. If respondent had attached the automobile on the day after the wreck occurred, his statutory lien would have been worth no more than its value of $350.00. Instead, he waited some six months to do so. In the meantime, extensive repairs had been made, which enhanced the value of the automobile and which

---

* Act No. 566 of 1942.

were, in effect, paid for by an innocent purchaser. To allow respondent the benefit of the enhanced value would reward him for his delay at the expense of an innocent person. We find no impelling reason why this windfall must be awarded respondent and hold that under the peculiar facts of this case respondent's lien may be enforced against the Chevrolet automobile in question only to the extent of $350.00.

Modified and remanded for further proceedings consistent herewith.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.