## 19397

R. Forest SCARBOROUGH and H. Gillespie Hodge, Plaintiffs-Appellants, v. Harry Cecil HODGE, a Minor over 14 years, et al., Defendants, of whom Harry Cecil Hodge and Deborah Hodge Phillips are Appellants, and of whom Alma Barwick is Respondent.

(187 S. E. (2d) 793)

*Messrs. Levi & Wittenberg,* and *Mazursky & Evans,* of Sumter, and *Ronald Jebaily,* of Florence, *for Appellants,*

230

*Messrs. James M. Morris,* of Manning, and *Weinberg & Weinberg,* of Sumter, *for Respondents,*

*Messrs. Levi & Wittenberg,* and *Mazursky & Evans,* of Sumter, and *Ronald Jebaily,* of Florence, *for Appellants, In Reply,*

March 29, 1972.

LITTLEJOHN, Justice:

Cecil Hodge of Sumter County died testate on December 31, 1968. Since the sole beneficiary of his will predeceased him, his entire estate passes as intestate property under South Carolina's laws of descent and distribution quoted in part below.

No lineal ancestors or descendants and no widow survived Cecil Hodge. His surviving collateral kin take his property. They are a half-sister, the respondent, and four children of a deceased whole brother, the appellants.

This action was brought to ask the court to declare the respective interests of the five persons who admittedly inherit all the property of Cecil Hodge.

It is the contention of the four children of Cecil Hodge's deceased whole brother that they (and the half-sister) inherit in equal shares or one-fifth each.

The half-sister contends that she inherits a one-half interest, and that the four children of the deceased whole brother of Cecil Hodge inherit one-half collectively, or one-eighth each.

The lower court sustained the position of the half-sister and ordered the estate distributed accordingly. The correctness of that ruling is the only issue before us on this appeal by the one niece and three nephews of Cecil Hodge.

Our statute governing the distribution of intestate property reads in part:

"When any person shall die without disposing of the same by will his estate, real and personal, shall be distributed in the following manner:

. . .

"(4) If the intestate shall leave no child or other lineal descendant, father, mother, brother or sister of the whole blood, but shall leave a widow and brother or sister of the half blood and a child or children of a brother or sister of the whole blood, the widow shall take one moiety of the estate and the other moiety *shall be equally divided between the brothers and sisters of the half blood, and the children of the brothers and sisters of the whole blood, the children of every deceased brother and sister of the whole blood taking among them a share equal to the share of a brother or sister of the half blood* . . .

. . .

"(7) *If the intestate shall leave no widow the provisions made for her shall go as the rest of the estate is directed to be distributed in the respective clauses in which the widow is provided for.*" (Emphasis added.)

. . .

S. C. Code Ann. § 19-52 (1962).

The case of *Felder v. Felder*, 5 Rich. (26 S. C. Eq.) 509, arose in 1853 and, for all practical purposes, presented an identical factual situation. The respondent contends, and the lower court agreed, that *Felder* controls this action. The appellants have petitioned for and received permission under our rules to attack the *Felder* decision. They have presented a multi-pronged argument that *Felder* should be distinguished or overruled and that Section 19-52 should be construed such that respondent and each appellant should respectively be entitled to a one-fifth share of the estate. While their argument is quite forceful, we nonetheless are persuaded that we should adhere to the interpretation of Section 19-52 as set forth in *Felder*.

The language of this Court in the case of *Alexander v. Hunnicutt*, 196 S. C. 364, 13 S. E. (2d) 630 (1941) is equally applicable here:

"It is manifestly in the public interest that the law remain permanently settled. Especially is this so in the construction of statutes, for if any change in the statutory law is desired, the General Assembly may readily accomplish it."

See also *Powers v. Powers*, 239 S. C. 423, 123 S. E. (2d) 646 (1962).

This rule of law is important in the construction of all statutes. It is particularly important where property rights are involved, and where property has vested over the years, based on such construction.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.