23523

Rhonda B. DOCKINS, Appellant v. INGLES MARKETS, INC., Respondent.

(411 S.E. (2d) 437)

Supreme Court

*Hal J. Warlick,* Easley, *for appellant.*

*Phillip E. Reeves,* Greenville, *for respondent.*

Heard Nov. 1, 1991; Decided Dec. 9, 1991.

Reh. Den. Jan. 7, 1992.

TOAL, Justice:

The sole issue presented in this case is whether an employee's claim of slander is barred by the exclusive remedy provisions of the South Carolina Workers' Compensation Act. We find that the harm flowing from an act of slander is not a "personal injury" within the Workers' Compensation Act. Therefore, this claim is not within the ambit of the Act and the exclusivity provisions are not applicable.

The appellant, Dockins, was employed by respondent, Ingles Market. She brought this action in the Court of Common Pleas alleging slander *per se.* According to Dockins' complaint, appellant's manager, in front of other employees and customers, made statements implying Dockins was having an adulterous affair with another employee and was carrying his child. Some statements were made over the store's public address system. Ingles filed a motion to dismiss for lack of subject matter jurisdiction. The lower court granted the motion

holding the claim was within the exclusivity provision of the Workers' Compensation Act. We disagree.

The Workers' Compensation Act bars all actions against employers when a personal injury to an employee comes within the Act. *Doe v. South Carolina State Hospital*, 285 S.C. 183, 328 S.E. (2d) 652 (Ct. App. 1985). See S.C. Code Ann. §§ 42-1-540 and 42-5-10 (1985). The question presented here is whether the injury in a slander action is a personal injury under the Act. The Workers' Compensation Act encompasses physical and mental injuries arising out of employment. The gravamen of a defamation action, however, is injury to the reputation. An injury to reputation affects a proprietary interest and is not a personal injury. *Battista v. Chrysler Corp.*, 454 A. (2d) 286 (Del. Super. 1982). We hold injury to one's reputation is not the type of injury envisioned by the Workers' Compensation Act, and it is, therefore, inapplicable.

Other jurisdictions have recognized that not all harms occasioned by the employment relationship qualify as compensable injuries under Workers' Compensation Acts. Such harms include injuries to reputation resulting from libel, malicious prosecution and false imprisonment, invasion of privacy and false arrest. *Foley v. Polaroid Corp.*, 381 Mass. 545, 413 N.E. (2d) 711 (1980). *See generally*, Annotation, *Workmen's Compensation Provision as Precluding Employee's Action Against Employer for Fraud, False Imprisonment, Defamation, or the Like*, 46 ALR (3d) 1279 (1972).

Dockins alleges mental injuries as an element of her damages. Ingles argues that since these injuries are compensable under the Act, it is her exclusive remedy. *Powell v. Vulcan Materials Company*, 299 S.C. 325, 384 S.E. (2d) 725 (1989). We disagree. This issue was also presented in *Foley v. Polaroid Corp.*, *supra*. In *Foley*, the allegations of physical and mental injury overshadowed any injury to reputation. The court held, however, "to block the main thrust of this action because of peripheral items of damage, when a compensation claim could not purport to give relief for the main wrong of injury to the reputation, would be incongruous, and outside the obvious intent of the exclusiveness clause." *Id.*, at 552, 413 N.E. (2d) at 715 (citing 2A. A. Larson, *Workers' Compensation*, § 68:33 (1976 and Supp. 1979)).

We, therefore, hold an employee's tort action for slander is

not barred by the exclusivity provision of the Workers' Compensation Act. Thus, the dismissal for lack of subject matter jurisdiction was in error.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.