## 23617

Tina LOGES, Appellant v. MACK TRUCKS, INC., and Steven T. Grove, of whom Mack Trucks, Inc., is Respondent. Steven T. GROVE, Third-Party Plaintiff v. Ralph LOGES, Third-Party Defendant.

(417 S.E. (2d) 538)

Supreme Court

*Stephen R. Fitzer*, Columbia, *for appellant.*

*Henry S. Knight, Jr.*, Columbia, *for respondent.*

Submitted Feb. 20, 1991.

Decided April 6, 1992.

FINNEY, Justice:

Appellant Tina Loges appeals the circuit court's grant of partial summary judgment to respondent Mack Trucks, Inc., in her action for negligent supervision alleging, *inter alia*, slander by Steven T. Grove, its employee. We affirm so much of the ruling as grants summary judgment on the allegations of assault, battery, and intentional infliction of emotional distress. We reverse the grant of summary judgment as to the cause of action for slander.

This action resulted from allegations of harassment of the appellant by Grove during late 1988 and early 1989 while both were employed by Mack Trucks. Initially, appellant and Grove shared a car pool to work. The appellant asserts that after four or five weeks, she ended the car pool arrangement because Grove was infatuated with her; and thereafter, he commenced harassing her.

The complaint alleges that on various occasions Grove publicly called the appellant a slut, bitch, whore; accused her of committing adultery and of having contracted Acquired Immune Deficiency Syndrome (AIDS); that Grove used his car in

an attempt to run her car off the road, threw hardware at her, physically pushed her, and anonymously sent flowers to her on Valentine's Day, then denied doing so. The incidents are alleged to have occurred either on the premises of Mack Trucks, while Grove and the appellant were traveling to or from work, or had their origin at Mack Trucks.

It is undisputed that appellant reported incidents of harassment to management of Mack Trucks several times. According to the record, Mack Trucks assured appellant that the necessary action was being taken to end the offensive behavior. During the period of the complaints, Mack Trucks issued Grove disciplinary notices as well as written and verbal warnings to avoid all contact with the appellant.

On Mack Truck's motion for summary judgment, the trial court dismissed the complaint on the ground that the claim was precluded by the exclusive remedy provision of the Workers' Compensation Act (Act). S.C. Code Ann. § 42-1-540 (1985). Appellant argues that her action does not fall under the scope of the Act.

Section 42-1-540 provides:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

Recovery under the Act is the exclusive means of settling personal injury claims which come under the Act. *Doe v. S.C. State Hospital,* 285 S.C. 183, 328 S.E. (2d) 652 (Ct. App. 1985). However, only other actions arising from personal injury or death are barred. In *Dockins v. Ingles Markets, Inc.,* — S.C. —, 411 S.E. (2d) 437 (1991) this Court held that slander actions are not barred by the Act's exclusivity provision since the gravamen of a slander action is injury to one's reputation, although damages for emotional injuries are recoverable under the Act.

Thus, to the extent appellant alleges Mack Trucks' negligence was the proximate cause of injury arising from the slanderous conduct of Grove, her claim is not barred by the Act.

We hold that summary judgment is appropriate on the allegations of intentional infliction of emotional distress, assault and battery as these constitute personal injuries within the scope of the Act. *See Powell v. Vulcan Materials Co.*, 299 S.C. 325, 384 S.E. (2d) 725 (1989); *Thompson v. J.A. Jones Const. Co.*, 199 S.C. 304, 19 S.E. (2d) 226 (1942).

Relying upon *Stewart v. McLellan's Stores Co.*, 194 S.C. 50, 9 S.E. (2d) 35 (1940), appellant contends the Act is inapplicable because she suffered no physical disability or loss compensable thereunder. In *Doe, supra*, the Court of Appeals held that physical disability is not a prerequisite to invoking the exclusivity provision of the Act. The Court reasoned:

> *Stewart* was decided primarily upon the basis of an employer's assault upon an employee. The case carefully distinguished assaults upon employees by "outsiders." While *Stewart* does not contain language indicating that a "physical disability" is necessary for the Act to constitute the exclusive remedy, *Thompson v. J.A. Jones Construction Co.*, decided immediately after *Stewart*, not only limits *Stewart* to its facts, but casts a considerable doubt upon any conclusion in *Stewart* regarding disability as a prerequisite to exclusivity. No mention was made in *Thompson*, except by the dissent, of any additional requirement of disability to make the Act exclusive. A majority in *Thompson* implicitly rejected the dissent's reliance upon *Stewart* for the idea that, without a showing in the complaint of physical disability, a tort action against the employer would lie.

*Doe v. S.C. State Hospital*, 285 S.C. at 192, 328 S.E. (2d) at 657-58.

We affirm the Court of Appeals' analysis in *Doe* and hold that no disability is required to bring an injury within the scope of the Act. A distinction must be drawn between injury excluded under the fundamental coverage provisions of the Act and injury which is covered but for

which, under the facts of the particular case, no compensation is payable. 2A *Larson, Workmen's Compensation Law,* § 65.40 at 12-41 (1990).

The scope of the Act is further limited by the requirement that an injury must arise out of and in the course of employment. S.C. Code Ann. § 42-1-160 (1985). "In the course of employment" refers to the time, place and circumstances under which the accident occurs. *Eargle v. S.C. Electric & Gas Co.,* 205 S.C. 423, 32 S.E. (2d) 240 (1944). The record of the present case reflects that the vast majority and most egregious of the conduct alleged occurred while the parties were at work; thus, the injury arose in the course of employment.

The phrase "arising out of" refers to the origin of the cause of the accident. *Id.* The appellant asserts that her injuries did not arise out of her employment as the conflict between her and Grove was unrelated to their work. An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury. *Carter v. Penney Tire and Recapping Co.,* 261 S.C. 341, 200 S.E. (2d) 64 (1973).

Assaults arise out of employment if the risk of assault is increased because of the nature or setting of the work. In *Carter* the claimant was involved in a personal dispute with a third party who appeared at the employee's workplace and made threatening gestures. The employee reported the threats to his employer. The employer assured the employee that he would be protected and told him to return to work. The third party then shot the employee. The *Carter* Court held that when the employer knew of the peril and failed to provide protection or relief, there was no error in a finding that the injury arose out of employment.

In *Doe v. S.C. State Hospital, supra,* after a sexual assault by an escaped mental patient, a nursing supervisor alleged negligence on the part of her employers in allowing the escape. The employee claimed the assault did not arise out of employment because the assailant was not under her care. The court noted that her complaint alleged failure of the employers to take adequate measures for her security and held

that her pleadings essentially asserted increased risk on account of employment; hence, the injury arose out of her employment.

We find the holdings in *Carter* and *Doe* applicable to this case. Appellant cannot argue that her employer failed to provide protection and yet maintain that her injury did not arise out of employment. Appellant's claims rest on the allegation that her employer's lack of due care resulted in her exposure to increased risk. Thus, to the extent it alleges damages arising out of and in the course of her employment as a result of the intentional infliction of emotional distress, assault, and battery by Grove, this Court concludes that appellant's cause of action against Mack Trucks is barred by the exclusivity provision of the Workers' Compensation Act.

Accordingly, we affirm summary judgment dismissing the appellant's cause of action for intentional infliction of emotional distress, assault, and battery. We reverse the grant of summary judgment as to the cause of action for slander.

Affirmed in part, reversed in part.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.