## 23810

Holly L. DICKERT, Petitioner v. METROPOLITAN LIFE INSURANCE
COMPANY and Bruce Smalley, Respondents.

(428 S.E. (2d) 700)

Supreme Court

*Wilmot B. Irvin,* of *Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for petitioner.*

*James M. Brailsford, III* and *Jacquelyn L. Bartley,* both of *Robinson, McFadden & Moore,* Columbia, *for respondents.*

*J. Lewis Cromer,* of *Cromer & Mabry,* Columbia, *amicus curiae for South Carolina Trial Lawyer's Ass'n.*

Heard Oct. 27, 1993; Decided Feb. 22, 1993.

As Modified on Grant of Reh. April 7, 1993.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' opinion of *Dickert v. Metropolitan Life Ins. Co.,* — S.C. —, 411 S.E. (2d) 672 (Ct. App. 1991). We affirm in part and reverse in part.

## FACTS

Appellant Dickert (Employee) was hired by Respondent Metropolitan Life Insurance Company (Employer) in August of 1987 as a sales representative in its Columbia office. Respondent Smalley (Co-Employee) is the office manager and Employee's supervisor.

On January 4, 1989, Employee filed suit against Employer and Co-Employee alleging causes of action for: (1) negligence based upon Employer's failure to exercise reasonable care in the selection, retention, and supervision of Co-Employee; (2) breach of contract based upon Employer's agreement that sexual harassment was forbidden and would not be tolerated and that such complaints would be confidentially investigated; (3) assault and battery based upon Co-Employee's actions towards Employee; (4) intentional infliction of emotional distress; and (5) invasion of privacy. The Complaint provided that at all times Co-Employee was acting within the course and scope of his employment.

Employer and Co-Employee moved for summary judgment based upon the affirmative defense that Employee's claims were barred by the exclusive remedy of the Worker's Compensation Act. S.C. Code Ann. § 42-1-10 *et seq.* (1985). The trial court agreed and granted summary judgment. The Court of Appeals affirmed.

## DISCUSSION

We affirm the Court of Appeals' decision inasmuch as it holds that Employee's causes of action against Employer are precluded by the exclusivity provision of the South Carolina Worker's Compensation Act. *See* S.C. Code Ann. § 42-1-540 (1985). However, we reverse the opinion to the extent it holds that Co-Employee may not be held individually liable for an intentional tort he may have committed while acting within the scope of employment.

A. *Exclusivity of Worker's Compensation Act*

The South Carolina Worker's Compensation Statute provides the exclusive remedy for employees who sustain work-related injury:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540 (1985).

The Court has recently held that an employee's action against a company for intentional infliction of emotional distress and assault and battery caused by the action of another employee are within the scope of the Act since these actions arise from personal injury. *Loges v. Mack Trucks,* — S.C. —, 417 S.E. (2d) 538 (1992). It is only when the tortfeasor/co-employee is the "alter ego" of the employer that liability falls outside the scope of the Act. *See Stewart v. McLellan's Stores Co.,* 194 S.C. 50, 9 S.E. (2d) 35 (1940); *Thompson v. J.A. Jones Const. Co.,* 199 S.C. 304, 19 S.E. (2d) 226 (1942).

First, Employee argues that Co-Employee should be considered the alter ego of the Employer. We disagree.

In *Stewart, supra,* the Court found that the tortfeasor/manager was, in fact, the "manager of the corporation" and, therefore, the alter ego of the employer. Also, in *McSwain v. Shei,* 304 S.C. 25, 402 S.C. (2d) 890 (1991), the Court applied *Stewart* to hold that intentional infliction of emotional distress committed by the president (Shei) of a corporation (Go Sport Inc.) was outside the scope of the Act.

Based upon this precedent, we decline to extend the definition of alter ego to supervisory employees such as office manager and hold that only "dominant corporate owner and officers" may constitute alter egos. 2A Larson, *Workmen's Compensation,* §§ 68.21 and 68.22.

Second, Employee contends that Co-Employee's actions towards her were "intentional, foreseeable, frequent, and continuing" and, therefore, do not constitute an "accident" within the meaning of the Act.

In *Thompson, supra,* the term "accident" is defined:

> The word 'accident,' as used here, has been defined as an unlooked for an untoward event which is not expected or designed by the person who suffers the injury.

19 S.E. (2d) at 229.

In *Stokes v. First Nat. Bank,* 306 S.C. 46, 410 S.E. (2d) 248 (1991), the Court addressed the issue of whether there was an "injury by accident" when an employee suffered a breakdown as a result of excessively increased workload and responsibilities which spanned a period of almost a year. The Court held that the breakdown was an "injury by accident" and covered by the Act since it resulted from "unusual and extraordinary" conditions of employment.

Here, Employee could not have anticipated Co-Employee's egregious conduct at the time of her employment. Although the conduct persisted through an extended period, it was at no time an ordinary incident of employment. We find *Stokes* dispositive.

Third, Employee argues that because she has suffered no disability, her action is not within the scope of the Act. We disagree.

In *Doe v. S.C. State Hospital,* 285 S.C. 183, 328 S.E. (2d) 652 (Ct. App. 1985), the Court of Appeals held that mental trauma resulting from a physical assault was covered by the Act. In *Loges, supra,* this Court affirmed that issue and held: "no disability is required to bring an injury within the scope of the Act." 417 S.E. (2d) at 540. *See also Stokes, supra* (mental injury arising from nonphysical stress is within Act); *Powell v. Vulcan Material Co.,* 299 S.C. 325, 384 S.E. (2d) 725 (1989) (nervous disorder resulting from altercation with co-employee within Act).

Fourth, Employee contends that her cause of action for invasion of privacy is outside the scope of the Act, pursuant to the recent case of *Dockins v. Ingles Markets, Inc.,* — S.C. —, 411 S.E. (2d) 437 (1991). In *Dockins* it was held that a claim of slander is outside the Act since it is not a personal injury but, rather, a harm to one's proprietary interest. The Court noted that other jurisdictions have recognized that causes of actions for injury to reputation do not qualify as compensable injury within the Act.

We recognize that certain invasion of privacy claims alleging a proprietary loss do fall outside the scope of the Act. However, under the facts here, where Employee alleges emotional harm, we find that the invasion of privacy claim is of a personal nature and, therefore, encompassed by the Act.

### B. *Intentional Tortious Actions of Co-Employee*

We reverse the Court of Appeals' opinion to the extent it holds Co-Employee is absolved of personal liability for his intentional tortious acts committed while in the scope of employment.[1]

In *Nolan v. Daley,* 222 S.C. 407, 73 S.E. (2d) 449 (1952), this Court held that a co-employee who *negligently* injures another employee while in the scope of employment is immune under the Act and cannot be held personally liable. *See also Powers v. Powers,* 239 S.C. 423, 123 S.E. (2d) 646 (1962).

However, it is against public policy to extend this immunity to the co-employee who commits an *intentional* tortious act upon another employee.

The Workers' Compensation Act may not be used as a shield for a co-employee's intentional injurious conduct. This is consistent with our Court's precedent that an employer, acting through an alter ego, may not do so. *See McSwain, supra; Stewart, supra. See also Andrews v. Peters,* 55 N.C. App. 124, 284 S.E. (2d) 748 (1981); *disc. rev. denied* 305 N.C. 395, 290 S.E. (2d) 364 (1982).

Accordingly, the opinion of the Court of Appeals is affirmed in part and reversed in part.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.

---

[1] Employee waived any individual claim against Co-Employee in the Circuit Court. Therefore, this opinion does not entitle Employee to relitigate her claim against Co-Employee based upon his individual liability.