103 F.3d 118
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathleen M. MENEFEE, Plaintiff-Appellant,
v.
WESTINGHOUSE SAVANNAH RIVER COMPANY; Will T. Davis; Chris
E. Blair; Nancy Newman; E.R. Hermann; E.I. Dupont de
Nemours and Company, Incorporated; Savannah River
Department of Energy, Defendants-Appellees.
 No. 96-1439.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1996.
Decided Dec. 5, 1996.
 
 Kathleen M. Menefee, Appellant Pro Se. Laura H. Walter, GLASS, MCCULLOUGH, SHERRILL & HARROLD, Washington, D.C.; Terri Hearn Bailey, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kathleen M. Menefee appeals from the district court's orders dismissing her employment discrimination and retaliation action. Menefee pled discrimination on the basis of race.
 
 
 2
 Our review of the record and the district court's opinions disclose that this appeal is without merit. First, we find that Menefee's previously filed interlocutory appeal of the district court's April 29, 1994, denial of her motion to appoint counsel, while ripe at this juncture, is without merit given that there were no complex or substantial issues presented in the case. Next, we find that because the district court's June 2 and 12, 1995, orders dismissing certain named Defendants and claims were based on the consent of all parties, the dismissals were proper. The district court's November 1, 1995, order disposing of all claims except Menefee's retaliation claim against Defendant Westinghouse Savannah River Company, and her claim of intentional infliction of emotional distress against Defendants Nancy Newman and E.R. Hermann, M.D., is not reviewable because Menefee failed to file objections to the magistrate judge's report and recommendation after receiving proper notice that the failure to object will waive appellate review.*
 
 
 3
 Finally, we find that the district court's order accepting the recommendation of the magistrate judge, and dismissing Menefee's remaining claims of retaliation and intentional infliction of emotional distress, was proper. Even assuming that Menefee established a prima facie case of retaliation, she failed to disprove the legitimate, nondiscriminatory reason Defendants proffered to support their ultimate termination of Menefee. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir.1991); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plus, her state law claim is barred by the exclusivity provisions of the South Carolina Workers' Compensation Act. See S.C.Code Ann. § 42-1-540 (Law.Co-op.1985); Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (S.C.1993). We therefore affirm the dismissal of this action on the reasoning of the district court. Menefee v. Westinghouse Savannah River Co., No. CA93-1812-1-6BD (D.S.C. Mar. 14, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985); see generally Thomas v. Arn, 474 U.S. 140 (1985)