**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHLEEN M. MENEFEE,
Plaintiff-Appellant,

v.

WESTINGHOUSE SAVANNAH RIVER
COMPANY; WILL T. DAVIS; CHRIS E.

BLAIR; NANCY NEWMAN; E. R.
HERMANN; E. I. DUPONT DE NEMOURS
AND COMPANY, INCORPORATED;
SAVANNAH RIVER DEPARTMENT OF
ENERGY,
Defendants-Appellees.

No. 96-1439

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-1812-1-6BD)

Submitted: November 7, 1996

Decided: December 5, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kathleen M. Menefee, Appellant Pro Se. Laura H. Walter, GLASS,
MCCULLOUGH, SHERRILL & HARROLD, Washington, D.C.;

Terri Hearn Bailey, OFFICE OF THE UNITED STATES ATTOR-
NEY, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathleen M. Menefee appeals from the district court's orders dis-
missing her employment discrimination and retaliation action. Mene-
fee pled discrimination on the basis of race.

Our review of the record and the district court's opinions disclose
that this appeal is without merit. First, we find that Menefee's previ-
ously filed interlocutory appeal of the district court's April 29, 1994,
denial of her motion to appoint counsel, while ripe at this juncture,
is without merit given that there were no complex or substantial
issues presented in the case. Next, we find that because the district
court's June 2 and 12, 1995, orders dismissing certain named Defen-
dants and claims were based on the consent of all parties, the dis-
missals were proper. The district court's November 1, 1995, order
disposing of all claims except Menefee's retaliation claim against
Defendant Westinghouse Savannah River Company, and her claim of
intentional infliction of emotional distress against Defendants Nancy
Newman and E.R. Hermann, M.D., is not reviewable because Mene-
fee failed to file objections to the magistrate judge's report and rec-
ommendation after receiving proper notice that the failure to object
will waive appellate review.*

Finally, we find that the district court's order accepting the recom-
mendation of the magistrate judge, and dismissing Menefee's remain-

_____

*See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see gen-
erally Thomas v. Arn, 474 U.S. 140 (1985).

2

ing claims of retaliation and intentional infliction of emotional distress, was proper. Even assuming that Menefee established a prima facie case of retaliation, she failed to disprove the legitimate, nondiscriminatory reason Defendants proffered to support their ultimate termination of Menefee. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plus, her state law claim is barred by the exclusivity provisions of the South Carolina Workers' Compensation Act. See S.C. Code Ann. § 42-1-540 (Law. Co-op. 1985); Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993). We therefore affirm the dismissal of this action on the reasoning of the district court. Menefee v. Westinghouse Savannah River Co., No. CA-93-1812-1-6BD (D.S.C. Mar. 14, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3