560 S.E.2d 891

**Hampton Andrew CASON, Plaintiff,**

v.

**DUKE ENERGY CORPORATION, f/k/a Duke Power Company, Defendant.**

**Michele Davenport Eberhart and Patman S. Eberhart, Plaintiffs,**

v.

**Duke Energy Corporation, f/k/a Duke Power Company, Defendant.**

**Erich Scott Metler and Robin H. Metler, Plaintiffs,**

v.

**Duke Energy Corporation, f/k/a Duke Power Company, Defendant.**

**No. 25422.**

Supreme Court of South Carolina.

Heard Nov. 15, 2001.

Decided March 4, 2002.

Donald R. Moorhead, of Donald R. Moorhead, P.A., of Greenville, for plaintiffs.

Ellis M. Johnston, II, of Haynsworth, Sinkler, Boyd, P.A., of Greenville, for defendant.

Gray T. Culbreath and P. Brooks Shealy, both of Collins & Lacy, of Columbia, for amicus curiae South Carolina Defense Trial Attorneys Association.

Thomas R. Young, Jr., of James C. Anders, P.A. & Associates, of Aiken, for amicus curiae South Carolina Trial Lawyers Association.

PER CURIAM:

The Court agreed to answer the following questions certified by the United States District Court for the District of South Carolina:

I. Does S.C.Code Ann. § 42–5–250 (1976), permit employees injured in explosions of boilers or flywheels or other single catastrophic explosions to pursue litigation outside the exclusive remedy provisions of the S.C. Workers' Compensation Act against their employers for damages to compensate them for injuries received within the scope of their employment?

II.   If § 42–5–250 creates such an exception to the exclusivity provisions, does collection by an employee of Workers' Compensation benefits constitute an election of remedies?

III.  If § 42–5–250 creates an exception to the exclusivity provisions and if the receipt of Workers' Compensation benefits does not constitute an election of remedies, are Workers' Compensation benefits offset against an award received from the employer?

We answer the first question "No," and therefore do not reach the second and third questions certified.

## FACTS

Plaintiffs Hampton Andrews Cason, Michele Davenport Eberhart, and Erich Scott Metler were employees of defendant Duke Energy (Duke) when they were severely injured at work. It is undisputed that the injuries resulted from an accidental catastrophic event,[1] and that the injuries occurred in the course and scope of employment. These three plaintiffs have received workers' compensation benefits from Duke.

These plaintiffs and the spouses of Ms. Eberhart and Mr. Metler (collectively Plaintiffs) then brought negligence actions against Duke in state court. Duke removed the suits to the federal district court which has certified the three questions.

## ISSUE

Does § 42–5–250 create an exception to the exclusivity provisions of the Workers' Compensation Act?

## ANALYSIS

This case requires us to construe, for the first time, a statute which has been a part of our Workers' Compensation Act since the Act's inception.

When the General Assembly enacted the original "South Carolina Workmen's Compensation Act" in 1935, it included

---

1. Specifically, a "water hammer," in which the buildup of pressure caused an eighteen inch steam pipe to explode.

the following provisions in a section captioned "Policy Insuring Payment of Compensation—Terms—Forms":

> (a) **Every policy for the insurance of the compensation herein provided, or against liability therefore, shall be deemed to be made subject to the provisions of this Act.** No corporation, association, or organization shall enter into any such policy of insurance unless its form shall have been approved by the Insurance Commissioner.
>
> (b) **This Act shall not apply to policies of insurance against loss from explosion of boilers or fly wheels or other similar single catastrophe hazards:** provided that nothing herein contained shall be construed to relieve the employer from liability for injury or death of an employee as a result of such explosion or catastrophe.

1935 S.C. Acts & Joint Resolutions 610, § 72 (p.1264) (emphasis supplied).

When the 1952 Code was published, parts (a) and (b) were separated into two different statutes, and the word "Act" in part (b) became "Title." *Compare* 1952 Code § 72–406 [former (a)] with § 72–426 [former (b)]. In the current Code, a slightly revised version of part (b) is found at § 42–5–250:

> **§ 42–5–250. Title not applicable to insurance for single catastrophe hazards.**
>
> This Title shall not apply to policies of insurance against loss from explosion of boilers or flywheels or other similar single catastrophe hazards. But nothing contained in this section shall be construed to relieve the employer from liability for injury or death of an employee as a result of such explosion or catastrophe.

Plaintiffs urge this Court to read this statute to permit them to maintain a negligence action where the employer carries liability insurance covering the catastrophic event. In other words, they contend that § 42–5–250 creates an exception to the "exclusivity" provisions of the Workers Compensation Act.[2] Duke contends that § 42–5–250 creates an exception

---

2. *See* S.C.Code Ann. § 42–1–540 (1976) ("The rights and remedies granted by this title to an employee .... shall exclude all other rights

to the requirement that Worker's Compensation insurance coverage be coextensive with the employer's liability under the Act, by relieving the insurer of the duty to cover injuries arising from a catastrophe. Under its reading, while the employer remains liable to the employee, the compensation insurer does not insure against this hazard. The Fourth Circuit has construed the section to relieve employers of the duty to insure against this hazard. *See Simpson v. Duke Energy Corp.,* Op. No. 98–1906, 1999 WL 694444 (4th Cir. 1999). We find none of these interpretations to be correct.

In order to understand § 42–5–250, it is necessary to read it as originally enacted, that is, with the original part (a) which is now codified at S.C.Code Ann. § 42–5–60 (1976). When these statutes are read together, it is apparent that § 42–5–250 is not concerned with the relationship between employer and employee, but with the applicability of the Act to certain types of insurance policies. Part (a) provided that all Workers' Compensation insurance policies were to be coextensive with the employer's liability under the Act. The first sentence of Part (b) was meant to ensure that catastrophic **loss** policies were not transmuted into Workers' Compensation **liability** policies. It may be inferred that in 1935, businesses insured against economic damages, bodily injury liability, and other losses resulting from these types of events. We construe this first sentence to address the insurers' concern that these existing policies not be construed as covering liability arising under the new Act. In our view, this language was inserted in the Act as a transitional provision, and has little or no present utility. The second sentence of the statute merely reaffirms the employer's liability under the Act to its employees should

---

and remedies of such employee ... as against his employer, at common law or otherwise...."). The only exceptions to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer (§ 42–1–540); (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego [*Dickert v. Met. Life Ins. Co.,* 311 S.C. 218, 428 S.E.2d 700 (1993)]; (3) where the tort is slander and the injury is to reputation [e.g., *Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 417 S.E.2d 538 (1992)]; or (4) where the Act specifically excludes certain occupations [S.C.Code Ann. §§ 42–1–350 through –375 (1976 and Supp.2000)].

such a catastrophic accident occur, making it clear that the employer cannot evade its responsibility to its employee.

· CONCLUSION

We hold that § 42–5–250 does not permit employees injured in a catastrophic explosion to pursue litigation against their employer outside the exclusive remedy provisions of the Workers' Compensation Act. Further, we clarify that the statute neither excepts these type accidents from the scope of a workers' compensation liability policy as contended by Duke, nor does it relieve employers of the duty to insure against this hazard as the Fourth Circuit has held. Because the answer to the first certified question is "No," we do not reach the other two certified questions.

CERTIFIED QUESTION ANSWERED.

MOORE, Acting C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice G. THOMAS COOPER, Jr., concur.