602 S.E.2d 87

**Gary E. McCLAIN, Appellant,**

v.

**PACTIV CORPORATION, Howard Sellers, Tim Randall, Jody Rowland, Joseph P. Berley, Linda Milton, Joe Powell, Doug Boynton, Larry Wonoski, Joe Garrison, Ron Clark and Robin Montgomery, Defendants, of whom Pactiv Corporation and Joseph P. Berley are, Respondents.**

No. 3853.

Court of Appeals of South Carolina.

Heard June 23, 2004.

Decided Aug. 9, 2004.

Rehearing Denied Sept. 22, 2004.

---

J. Dennis Bolt, of Columbia, for Appellant.

Paul H. Derrick and Kristin E. Toussaint, both of Greenville, for Respondents.

STILWELL, J.:

Gary E. McClain appeals the dismissal of his causes of action against Pactiv Corporation and Joseph P. Berley. He argues the trial court erred in (1) ruling his intentional infliction of emotional distress claim was barred by the exclusivity provision of the South Carolina Workers' Compensation Act and (2) concluding his remaining claims—civil conspiracy, false arrest, abuse of legal process, and invasion of privacy—were barred by the doctrine of collateral estoppel. We affirm in part, reverse in part, and remand.

## BACKGROUND

This case arises from McClain's allegations that his former employer, Pactiv, and fellow employees conspired with each other and with law enforcement to have him arrested and involuntarily committed after he spoke in favor of a union at a plant meeting regarding an ongoing unionization campaign. At the meeting, Pactiv's plant manager, Joseph R. Garrison, Jr., spoke against labor unions and McClain suggested the union be allowed to speak to the workers.

McClain alleges that in the days following the meeting, Pactiv's director of occupational health, Dr. Joseph Berley, called McClain's former psychiatrist; told him McClain had made threatening statements to employees who did not sup-

port the union; "passed along lies, rumors, gossip, and innuendo"; and asked about how to get McClain committed. Also, Pactiv employees including Robin Montgomery, Pactiv's head of corporate security, met with officers from the local sheriff's department. McClain asserts the employees also related false and unsubstantiated statements to the officers. According to Garrison, they were alerting the officers of safety concerns raised by several employees involving McClain. After the meeting, sheriff's officers discovered an outstanding warrant against McClain, stopped him on his way to work, and took him into custody.

After arresting McClain, officers took him to a hospital. McClain was then involuntarily committed to a mental health facility. McClain claims that while he was committed, Berley reported false information to McClain's treating psychiatrist for the purpose of prolonging his commitment.

Following McClain's commitment, a probate court found him mentally ill and ordered him to undergo an outpatient treatment program. McClain asserts Berley also attempted to affect the outcome of the proceeding by sending a fax to McClain's physician at the mental facility.

McClain first brought suit in federal court against Pactiv, Berley, other Pactiv employees, and members of the Aiken County Sheriff's Department. His complaint asserted causes of action under 42 U.S.C. § 1983 and several state law claims including civil conspiracy, false arrest, defamation, abuse of legal process, invasion of privacy, and intentional infliction of emotional distress. Both the Pactiv defendants and the law enforcement defendants were granted summary judgment. The district court found McClain presented no evidence the law enforcement officers acted improperly or violated his constitutional rights. As to the Pactiv employees, the court found there was no evidence linking them to a conspiracy involving the alleged constitutional violations. Specifically, the court held McClain "has not been able to produce any affidavit, deposition, or other form of evidence to support his theory that the Pactiv Individuals were involved in the decision to arrest or commit him."

Having granted summary judgment on the federal actions, the court declined to exercise jurisdiction over McClain's

remaining state law claims and dismissed them without prejudice. On appeal, the Fourth Circuit Court of Appeals affirmed the district court's ruling.

Thereafter, McClain filed this action. The trial court dismissed several defendants and causes of action that are not subjects of this appeal. The order on appeal dismissed the remaining claims against Pactiv and Berley and thus ended the action. The court agreed with Pactiv that the intentional infliction of emotional distress claim was barred by the exclusivity provision of the Workers' Compensation Act. The court also found McClain's claims for civil conspiracy, false arrest, abuse of legal process, and invasion of privacy were barred by collateral estoppel because of the order in the federal action.

## DISCUSSION

### I. Intentional Infliction of Emotional Distress

McClain argues the trial court erred in ruling his claim for intentional infliction of emotional distress was barred by the exclusivity provision of the Workers' Compensation Act. We disagree.

The rights and remedies of an injured worker under the Workers' Compensation Act constitute the worker's exclusive remedies against the employer. S.C.Code Ann. § 42–1–540 (1985). Our supreme court has held the intentional infliction of emotional distress constitutes a personal injury that falls within the scope of the act. *Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 137, 417 S.E.2d 538, 540 (1992). The court later affirmed and clarified this holding by stating: "It is only when the tortfeasor/co-employee is the 'alter ego' of the employer that the liability falls outside the scope of the Act." *Dickert v. Metropolitan Life Ins. Co.,* 311 S.C. 218, 220, 428 S.E.2d 700, 701 (1993). The alter ego exception applies only to " 'dominant corporate owners and officers.' " *Id.* at 221, 428 S.E.2d at 701 (quoting 2A Larson, *Workmen's Compensation,* §§ 68.21 and 68.22). McClain argues Montgomery and Berley are alter egos of Pactiv and thus the claim is not governed by the Workers' Compensation Act. Nothing in the record before us suggests either Montgomery or Berley is a dominant corporate owner or officer. We therefore reject McClain's

argument that the alter ego exception applies to this case and hold the trial court correctly dismissed this cause of action as barred by the exclusivity provision of the Workers' Compensation Act.

## II.  Collateral Estoppel

■ McClain also argues the trial court erred in ruling his remaining claims were barred by collateral estoppel. As to the false arrest, abuse of legal process, and invasion of privacy claims, we agree. As to the civil conspiracy claim, we affirm the dismissal on a different ground.

■ The doctrine of collateral estoppel, or issue preclusion, serves to prevent a party from relitigating in a subsequent action an issue actually and necessarily litigated and determined in a prior action. *Shelton v. Oscar Mayer Foods Corp.*, 325 S.C. 248, 251, 481 S.E.2d 706, 707 (1997). In the current action, the trial court found all of McClain's remaining claims barred by the district court's ruling. In reaching this conclusion, the trial court relied on the following portion of the district court's order:

> [McClain] alleges that the Pactiv Individuals not only conspired with the Sheriff to have [McClain] picked up by deputies, but that they also conspired to place [McClain] in a mental health facility against his will in order to squelch his pro-union activity. However, [McClain] has not been able to produce *any* affidavit, deposition or other form of evidence to support his theory that the Pactiv Individuals were involved in the decision to arrest or commit him. Moreover, Sheriff Sellers and Officer Rowland have submitted sworn affidavits in which they declare that the Pactiv Individuals did nothing more than ask for extra security at a personnel meeting and were not involved with the decision to serve the 1995 arrest warrant or to commit [McClain].

(Emphasis added.)

This passage of the district court's order was part of its decision that there was no link between the Pactiv employees and the alleged violations of McClain's constitutional rights. That is, the court found no evidence the Pactiv employees were acting under color of state law. Because the district court dismissed McClain's federal actions, it specifically de-

clined to exercise jurisdiction over his state law claims. Nothing in the district court's order can be construed as a conclusive determination of the issues in McClain's false arrest, abuse of legal process, or invasion of privacy claims.

McClain argues his civil conspiracy action is also not barred by the district court's order. He notes that in addition to a conspiracy between law enforcement and Pactiv employees, he also asserted in his complaint that Pactiv and its employees conspired with each other, a matter not decided in any fashion by the district court's order. However, McClain's conspiracy claim cannot survive on this theory, as the law is clear that a corporation cannot conspire with itself. *Anderson v. S. Ry. Co.*, 224 S.C. 65, 69, 77 S.E.2d 350, 351 (1953) (holding conspiracy cause of action could not be sustained after involuntary nonsuit and jury verdict left corporation as the only remaining defendant because a corporation cannot conspire with itself); *Goble v. Am. Ry. Express Co.*, 124 S.C. 19, 27–28, 115 S.E. 900, 903 (1923) (ruling although a corporation's agents may render the corporation liable for torts committed in the scope of their employment, an agent or multiple agents may not render the corporation liable for a civil conspiracy involving only corporate agents); 16 Am. Jur.2d *Conspiracy* § 56 (1998) (noting because a corporation cannot conspire with itself, a civil conspiracy is not possible where the co-conspirators are employer and employee or principal and agent).

We therefore affirm the circuit court's dismissal of McClain's intentional infliction of emotional distress cause of action and his cause of action for civil conspiracy, but reverse the dismissal of his state law causes of action for false arrest, abuse of legal process, and invasion of privacy, and remand these claims to the circuit court.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HEARN, C.J., and CURETON, A.J., concur.