23081

Cleo N. POWELL, Respondent v. VULCAN MATERIALS COMPANY, Appellant.

(384 S. E. (2d) 725)

Supreme Court

*Reginald L. Foster* and *Perry D. Boulier*, both of *Holcombe, Bomar, Wynne and Gunn*, Spartanburg, *for appellant.*

*G. Edward Welmaker*, of *Acker, Acker, Floyd and Welmaker*, Pickens, *for respondent.*

Heard Dec. 8, 1988.

Decided Sept. 5, 1989.

HARWELL, Judge:

This is a workers' compensation case. The single commissioner ruled that Respondent Cleo N. Powell ("Powell") suffered a totally disabling and compensable "mental, emotional, and psychological injury" as a result of an altercation with a supervisor. The full Commission affirmed, as did the circuit court on review. The employer, Vulcan Materials Company ("Vulcan"), now appeals. We affirm.

## FACTS

On March 21, 1984, Powell was a 48-year-old foreman at Vulcan's quarry. He was responsible for overseeing the production of various sizes and grades of rocks. Shortly after arriving at work that morning, Powell learned that a piece of production equipment had failed and needed repair. He also learned that two of his seven subordinates would miss work that day. Powell's "second level supervisor," Parker, further informed him of production modifications involving both the size of rock produced and the channelling of the rock during the production process. Parker then commented that some paddles channelling crushed rock had worn out due to Powell's poor performance of his maintenance duties. This comment brought on a heated altercation between the two men.

The exact nature of the incident is highly contested. Powell claimed Parker pushed a finger into his chest, cursed him, and called him a liar. Parker testified that he never touched Powell and that it was Powell who became upset and cursed. Both agreed that an intense verbal exchange took place and that Powell "lost control of himself, expressed great anger, and began to cry." Powell left the quarry andd drove directly to his family doctor. The doctor ordered immediate hospitalization because Powell was "dangerous to himself because of severe anxiety." The first admission lasted 10 days. Powell was subsequently hospitalized for psychiatric treatment for periods of 61 days, 19 days, and 22 days.

Powell's psychiatrist had seen him 134 times by the time of the compensation hearing. He testified that Powell had been "[b]asically ... a very stable person all along until this accident or incident" with his supervisor. The psychiatrist's initial diagnosis was "reactive depression secondary to

trauma ..." He stated that "the traumatic event was the trauma that [Powell] experienced while at work and as a direct consequence of his confrontation with the supervisor."

The psychiatrist further testified that Powell was psychotically depressed and suffered from "blackouts" and nightmares "as a way of coping with that painful experience." Powell's extensive medical treatment included major and minor tranquilizers, antidepressants, and ultimately a series of electroshock treatments. The psychiatrist testified that, at the time of the hearing, Powell was still "pretty much confined to his home." For example, Powell was unable to walk uptown because "he thinks that he will cross ways with his former supervisor." Finally, the psychiatrist stated that Powell was unable to function in any job and was "a very sick man still."

The hearing commissioner found that Powell suffered an accidental mental injury arising out of and in the course of his employment. He ordered Vulcan to make weekly payments of $268.99 for 500 weeks, to pay medical expenses retroactive to March 21, 1984, and to pay for future lifetime medical care.

## DISCUSSION

The thrust of Vulcan's appeal may be stated as follows: "mental-mental" injuries—mental disorders resulting from emotional stimuli—should not be compensable under South Carolina workers' compensation law; but even if they are, Powell did not suffer a compensable injury.

Recently in *Stokes v. First National Bank,* 298 S. C. 13, 377 S. E. (2d) 922 (Ct. App. 1988), our Court of Appeals addressed the compensability of a mental injury caused solely by emotional stress. The court ruled in *Stokes* that "mental or nervous disorders resulting from either physical or emotional stimuli are equally compensable provided the emotional stimuli or stressors are incident to or arise from unusual or extraordinary conditions of employment." *Id.* 298 S. C. at 22, 377 S. E. (2d) 922. The condition of employment held unusual and extraordinary in *Stokes* was a tremendously increased work load assigned to the claimant in anticipation of a pending bank merger.

In *Stokes*, the Court of Appeals' analysis included an examination of the standard for compensability in heart attack injury cases and a review of mental injury cases in South Carolina workers' compensation law. The court found "no valid justification . . . for distinguishing between mental disorders resulting from physical injuries and mental disorders brought about by emotional stimuli or stressors which are incident to unusual and extraordinary conditions in employment." *Id.* at 15, 377 S. E. (2d) 922.

We agree with the Court of Appeals' opinion in *Stokes* to the extent it holds that "mental-mental" injuries may be compensable, and concur in its adoption of the heart attack injury standard—unusual or extraordinary conditions of employment—to determine compensability.[1] Our decision on the compensability of Powell's claim must therefore turn on whether substantial evidence supports a finding of an accidental injury incident to an unusual and extraordinary condition of employment. We hold that it does.

Powell's psychiatrist testified, and the single commissioner found, that Powell's mental injury resulted directly from emotional stress brought on by the confrontation with Parker. Powell was described by himself and others as a conscientious and dedicated worker. Substantial evidence in the record demonstrates, however, that during the altercation, Parker questioned Powell's word; accused Powell of poor maintenance performance; followed Powell to a tool shed and told Powell he would not receive credit for previously earned vacation time if he quit; and threatened to call the police and have Powell removed from company property. Substantial evidence also supports the finding that the altercation was totally unexpected by all parties, that no similar incident had ever occurred, and that Powell had suffered no previous mental or nervous disorders. We therefore hold that Powell's altercation with his supervisor was an unusual and extraordinary condition of his employment resulting in a compensable accidental injury.

Vulcan's remaining exception is dismissed as meritless pursuant to Supreme Court Rule 23. *See Airco, Inc. v. Hol-*

---

[1] We do not address the Court of Appeals' definition of "accident" in *Stokes*, nor its application of that definition to the particular facts of that case. Those issues are reserved for future determination by this Court.

*lington,* 269 S. C. 152, 236 S. E. (2d) 804 (1977) (no particular format required for presentation of findings of fact and conclusions of law).

The circuit court's order affirming the Commission is hereby

Affirmed.

GREGORY, C. J., and CHANDLER and FINNEY, JJ., concur.

TOAL, J., not participating.