674 S.E.2d 488

**Marsha TENNANT, Petitioner,**

**v.**

**BEAUFORT COUNTY SCHOOL DISTRICT, Employer, and S.C. School Board Insurance Trust, Carrier, of whom Beaufort County School District is, Respondent.**

**No. 26616.**

Supreme Court of South Carolina.

Heard Jan. 7, 2009.

Decided March 16, 2009.

618

James H. Moss, Esquire and H. Fred Kuhn, both of Moss, Kuhn & Fleming, of Beaufort, for Petitioner.

Kirsten L. Barr, Jamie C. Guerrero, and Kathryn C. Thompson, all of Trask and Howell, of Mt. Pleasant, for Respondent.

Chief Justice TOAL.

In this workers' compensation case, the single commissioner denied benefits, and the full commission, the circuit court, and the court of appeals affirmed. *Tennant v. Beaufort County Sch. Dist.* Op. No.2007–UP–056 (S.C. Ct.App. filed February 8, 2007). This Court granted a writ of certiorari to review the court of appeals' decision. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner Marsha Tennant worked as a special education teacher for thirty years prior to working for Respondent in that same role. In the fall of 2001, after being employed for approximately one year with Respondent, two new aides were assigned to assist Petitioner with her students in the classroom. As the year progressed, Petitioner was concerned that the aides were not performing their job in violation of federal Individualized Education Programs regulations and worried that the aides' performances would jeopardize the education program. Both Petitioner and the aides complained to the supervisor.

On October 18, 2001, after an argument with the aides, Tennant felt faint and went to the nurse's office, where the nurse recorded Petitioner's blood pressure as elevated. Petitioner later returned to the nurse's office complaining of chest pains and dizziness. The nurse recorded a higher blood pressure and called an ambulance. The emergency room doctor diagnosed Petitioner with a stress reaction.

At the hearing, Petitioner's family doctor ("Family Doctor") testified that Petitioner suffered a panic attack that was caused by work conditions and diagnosed Petitioner with "situational depression and panic disorder." Additionally, Petitioner submitted the deposition testimony of a licensed social worker ("Sociologist") who began treating Petitioner at her psychotherapy practice after the anxiety attack. Sociologist

diagnosed Petitioner with post traumatic stress disorder and continued panic attacks and concluded that Petitioner should not return to work as a special education teacher. Respondent submitted a letter from a psychiatrist ("Psychiatrist") who evaluated Petitioner. She concluded that Petitioner suffered a single anxiety attack, but that Petitioner did not require additional medical treatment and could return to work.

The single commissioner found that Petitioner failed to prove that the conditions of her employment were either extraordinary or unusual. Additionally, the single commissioner gave greater weight to the testimony of Psychiatrist than to the testimonies of Family Doctor and Sociologist and ruled that Sociologist was not qualified to render an opinion on causation under South Carolina case law. The full commission ruled that Sociologist's testimony should be made a part of the record, but affirmed the denial of benefits. The circuit court and the court of appeals found that substantial evidence in the record supported a finding that Petitioner did not suffer a compensable injury, and therefore, affirmed the full commission's decision.

We granted a writ of certiorari to review the court of appeals' decision, and Petitioner presents the following issue for review:

Did the court of appeals err in affirming the order denying benefits because the full commission's decision is not support by substantial evidence?

### STANDARD OF REVIEW

This Court must affirm the findings of fact made by the full commission if they are supported by substantial evidence. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Tiller v. Nat'l Health Care Ctr.*, 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999).

### LAW/ANALYSIS

Petitioner argues that the court of appeals erred in affirming the full commission's finding that she did not suffer a compensable injury. We disagree.

In order to recover for mental injuries caused solely by emotional stress, or "mental-mental" injuries, the claimant must show that she was exposed to unusual and extraordinary conditions in her employment and that these unusual and extraordinary conditions were the proximate cause of the mental disorder. *Powell v. Vulcan Materials Co.*, 299 S.C. 325, 384 S.E.2d 725 (1989). This standard, also known as the "heart attack standard," balances the employee's interests with the employer's interests and provides a framework which ensures that the claimant shows that she suffered a work-related injury. Requiring a claimant to prove exposure to "unusual or extraordinary" circumstances in a mental-mental injury claim is consistent with the heightened burden required to prove a claim for intentional infliction of emotional distress claims, a cause of action that also allows recovery for mental injuries in the absence of physical injury. *See Hansson v. Scalise Builders of South Carolina*, 374 S.C. 352, 356, 650 S.E.2d 68, 71 (2007), quoting *Ford v. Hutson*, 276 S.C. 157, 166, 276 S.E.2d 776, 780 (1981) (recognizing that "where physical harm is lacking, the courts should look initially for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious").

In the instant case, Petitioner alleges that the aides' insubordination created the unusual and extraordinary conditions, which caused her panic attack. Petitioner testified that the aides would walk out of the classroom and refused to escort the children to the bathroom and that several of her students regressed in their progress as a result of the aides' actions. She also testified that she reported her concerns to her supervisor, but the supervisor sided with the aides and would not help her.

We find substantial evidence in the record supports the full commission's findings. Although the conflict may have been stressful, it was not an unusual or extraordinary circumstance of Petitioner's employment. Neither the aides nor Petitioner's supervisor threatened her, and the conflict never involved physical contact. Petitioner admits that a special education teacher is an inherently stressful job, and Social Worker conceded that a panic attack may be triggered absent unusual or extraordinary circumstances. Additionally, Petitioner's supervisor testified that conflicts like the one between Petitioner

and the aides were not unusual. In our view, cases in which the Court has found unusual and extraordinary circumstances that resulted in a mental injury involve much more extreme and severe facts. *See Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (finding the combination of death threats, gun incidents with violent drug dealers, high tension confrontations, fear of being uncovered, and loss of security as a police officer constituted unusual or extraordinary conditions of employment when they occur over several months); *Stokes v. First Nat. Bank*, 306 S.C. 46, 50, 410 S.E.2d 248, 250 (1991) (concluding that the extreme prolonged increase in employee's work hours, combined with additional job responsibilities, constituted unusual and extraordinary conditions of employment); *Powell*, 299 S.C. at 328, 384 S.E.2d at 727 (holding that an intense verbal exchange between the employee and the supervisor constituted unusual and extraordinary condition of employee's work).

Accordingly, we hold that substantial evidence in the record exists to support the commission's decision that Petitioner failed to meet her burden that she suffered a compensable injury.

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision upholding the denial of benefits.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.