THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Holly Outlaw, Appellant,
 v.
 Regan &
 Cantwell, Employer, and Star Insurance Company, Carrier, Respondents.
 
 
 

Appeal From Charleston County
 George C. James, Jr., Circuit Court Judge
Unpublished Opinion No.  2010-UP-497
Submitted November 1, 2010  Filed
 November 8, 2010
AFFIRMED

 
 
 
 Joyce Farr Cheeks, of Columbia, for Appellant.
 Terri Morrill Lynch, of Charleston, for Respondents.
 
 
 

PER CURIAM: Holly Outlaw sought workers' compensation benefits for fibromyalgia,
 depression, irritable bowel syndrome, heart irregularity, lupus, and anxiety as
 a result of mental stress related to her employment.[1]  The single
 commissioner and the Appellate Panel of the Workers' Compensation Commission
 (Appellate Panel) denied her benefits, and the circuit court affirmed.  Outlaw
 appeals, arguing she proved exposure to unusual and extraordinary conditions
 meriting an award of benefits.  
We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  S.C. Code Ann. § 1-23-380(5) (Supp. 2009) (prohibiting
 an appellate court from "substitut[ing] its judgment for the judgment of
 the agency as to the weight of the evidence on questions of fact" in
 administrative matters); Baxter v. Martin Bros., 368 S.C. 510, 513, 630
 S.E.2d 42, 43 (2006) (holding an appellate court reviewing a workers'
 compensation decision ascertains "whether the circuit court properly
 determined whether the [A]ppellate [P]anel's findings of fact are supported by
 substantial evidence in the record and whether the [P]anel's decision is
 affected by an error of law"); S.C. Second Injury Fund v. Liberty Mut.
 Ins. Co., 353 S.C. 117, 122, 576 S.E.2d 199, 202 (Ct. App. 2003) ("'Substantial
 evidence' is evidence which, considering the entire record, would allow
 reasonable minds to arrive at the same conclusion reached by the administrative
 agency."); Etheredge v. Monsanto
 Co., 349 S.C. 451, 454-55, 562 S.E.2d
 679, 681 (Ct. App. 2002) (stating the Appellate Panel is the ultimate fact
 finder in workers' compensation cases, is not bound by the single
 commissioner's findings of fact, and makes the final determination of witness
 credibility and the weight to be accorded evidence); Corbin v. Kohler Co.,
 351 S.C. 613, 618, 571 S.E.2d 92, 95 (Ct. App. 2002) ("'[T]he
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent an administrative agency's findings from being supported by substantial
 evidence.'" (quoting Muir v. C.R. Bard, Inc., 336 S.C. 266, 282,
 519 S.E.2d 583, 591 (Ct. App. 1999))); S.C. Code Ann.
 § 42-1-160(B) & (C) (Supp. 2009) (defining which injuries are
 compensable under the Workers' Compensation Act, requiring that mental injuries
 unaccompanied by physical injuries be caused by employment conditions that
 "were extraordinary and unusual in comparison to the normal conditions of
 the particular employment," and excluding from compensability stress or
 mental injuries resulting "from any event or series of events which are
 incidental to normal employer/employee relations including, but not limited to,
 personnel actions by the employer such as disciplinary actions, work
 evaluations, . . . or terminations, except when these actions are taken in an
 extraordinary and unusual manner"); Shealy v. Aiken County,
 341 S.C. 448, 457, 535 S.E.2d 438, 443 (2000) (finding mental injuries
 "are compensable accidental injuries under the statute when 'the emotional
 stimuli or stressors are incident to or arise from unusual or extraordinary
 conditions of employment,'" and requiring a court reviewing whether the
 conditions of a claimant's employment were unusual or extraordinary to compare
 the complained-of conditions to the usual and ordinary conditions of the
 claimant's particular job (quoting Powell v. Vulcan Materials Co., 299
 S.C. 325, 327, 384 S.E.2d 725, 726 (1989))).  
AFFIRMED.
HUFF,
 KONDUROS, and LOCKEMY, JJ., concur.

[1] In a separate claim adjudicated contemporaneously
 with this claim, Outlaw sought and received an award for carpal tunnel
 syndrome.  

[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.