THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Prince J. Dunson,
 Employee, Respondent,
 
 
 
 
 

v.

 
 
 
 Alex Lee, Inc.,
 Employer, & American Zurich Insurance Company, Carrier, Appellants.
 
 
 
 

Appeal From Florence County
Appellate Panel

Unpublished Opinion No.  2011-UP-038
 Submitted January 1, 2011  Filed February
1, 2011  

AFFIRMED        

 
 
 
 Adrianne LaVonne Turner, of Columbia, for
 Appellants.
 Stephen J. Wukela, of Florence, for
 Respondent.
 
 
 

PER CURIAM: Alex
 Lee, Inc. and American Zurich Insurance Company (collectively, "Lee")
 appeal a decision by the Appellate Panel of the Workers' Compensation
 Commission (the Appellate Panel) granting Prince J. Dunson total temporary
 disability benefits under the South Carolina Workers' Compensation Act.  Lee argues
 the Appellate Panel erred in finding Dunson's injury compensable because the
 injury did not arise out of Dunson's employment with Lee.  We affirm.[1]
Lee argues Dunson's injury
 resulted from an idiopathic fall caused by a pre-existing breakdown in his
 knee, and Dunson provided only speculative and thus insubstantial evidence he
 tripped over rubber patches in Lee's parking lot.  We disagree.  An appellate court can reverse the Appellate Panel's
 decision if it is clearly erroneous.  Pierre v. Seaside Farms, Inc., 386
 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) (citations omitted); see also S.C.
 Code Ann. § 1-23-380(5)(d)-(e) (Supp. 2009).  A decision is not clearly
 erroneous if it is supported by substantial evidence, and "[s]ubstantial
 evidence is not a mere scintilla of evidence, but evidence which, considering
 the record as a whole, would allow reasonable minds to reach the conclusion the
 agency reached."  Tennant v. Beaufort Cnty. Sch. Dist., 381 S.C.
 617, 620, 674 S.E.2d 488, 490 (2009) (citation omitted).  "Of
 course, the necessary requirements for compensation
 may be established by circumstantial evidence."  Bagwell v. Ernest
 Burwell, Inc., 227 S.C. 444, 450, 88 S.E.2d 611, 613 (1955) (citation
 omitted).  
"A claimant
 may recover workers' compensation benefits if he sustains an 'injury by
 accident arising out of and in the course of employment.'"  Pierre,
 386 S.C. at 541, 689 S.E.2d at 618 (quoting
 S.C. Code Ann. § 42-1-160(A) (Supp. 2009)).  "An
 accident arises out of the employment when the accident happens because of the
 employment, as when the employment is a contributing proximate cause."  Id. (citation omitted).  An accident does not arise out of employment "[w]here
 an employee suffers an idiopathic fall" or where "some internal
 breakdown of the body" causes a fall.  Crosby v. Wal-Mart Store, Inc.,
 330 S.C. 489, 493, 499 S.E.2d 253, 256 (Ct. App. 1998).
Here, Dunson provided substantial evidence his injury arose
 out of his employment.  Dunson fractured his kneecap because he fell to the
 ground while walking from his company truck across the company parking lot to
 an area where hand trucks were kept.  He provided direct and circumstantial
 evidence he injured his knee while tripping over the rubber patches in the
 truck parking lot.  Although Dunson initially did not know why he fell, he
 subsequently discovered two rubber pothole patches on the ground in his path to
 the hand trucks and believed he tripped over those patches.  Moreover, he told a
 responding insurance adjuster that his knee did not give way, and medical
 testimony established the character of Dunson's injury did not suggest the fall
 resulted from a pre-existing breakdown of the knee.  Consequently,
 Dunson provided substantial evidence the injury was neither idiopathic nor
 caused by a pre-existing weakness in his knee, and therefore, the Appellate
 Panel's decision was not speculative.  Accordingly, the Appellate Panel
 properly awarded Dunson total temporary disability benefits.
AFFIRMED.
HUFF and
 LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.