**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Linda Burris, Appellant,

v.

Lexington/Richland School District 5, Employer, and South Carolina School Board Insurance Trust, Carrier, Respondents.

Appellate Case No. 2012-213482

---

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-090
Submitted January 1, 2014 – Filed March 5, 2014

---

**AFFIRMED**

---

E. Ros Huff, Jr., and Shelby Hapeshis Kellahan, both of Huff Law Firm, LLC, of Irmo, for Appellant.

Ernest G. Lawhorne, of Adams and Reese, LLP, of Columbia, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618

(2010) ("The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel]. An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." (internal citations omitted)); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (quoting *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009)); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *id.* at 295, 599 S.E.2d at 613-14 ("A work-related accident which aggravates or accelerates a pre-existing condition, infirmity, or disease . . . is compensable unless it is due solely to the natural progression of a pre-existing condition." (internal citations omitted)); *id.* at 295, 599 S.E.2d at 614 ("The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury." ); *id.* ("A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Appellate Panel."); *id.* ("Where there is a conflict in the evidence from the same or different witnesses, the [Appellate] Panel's findings of fact may not be set aside.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.