**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnathon Ashley Richardson, Employee-Claimant, Appellant,

v.

Beal Lumber Company, Inc., Employer, and Palmetto Timber S.I. Fund c/o Walker, Hunter & Associates, Inc., Carrier, Respondents.

Appellate Case No. 2014-002572

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-267
Submitted February 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Samuel M. Price, Jr., of Samuel M. Price, Jr., of Newberry, for Appellant.

Elizabeth F. Render, of McAngus Goudelock & Courie, LLC, of Columbia, and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent.

**PER CURIAM:**  Johnathon Ashley Richardson appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission affirming the single commissioner's decision, which found Richardson failed to show he suffered from a repetitive trauma injury and did not provide notice to his employer, Beal Lumber, of a repetitive trauma injury.  Richardson argues (1) he suffered a compensable repetitive trauma injury; (2) he gave notice to Beal Lumber of a repetitive trauma injury; (3) he was credible; (4) he did not exaggerate his symptoms; (5) his job duties are repetitive; (6) his supervisor, Kenneth Hill, did not testify Richardson did not provide notice of a work-related injury; (7) Hill did not testify Richardson injured his back while moving logs with his father; (8) owner of Beal Lumber, Frank Beal, did not testify Richardson was not injured on the job; (9) Dr. McLoughlin's testimony did not indicate Richardson gave inconsistent dates regarding when his back pain started; (10) Dr. McLoughlin could state within a reasonable degree of medical certainty that Richardson's medical condition was caused by his work-related activities; and (11) based on the entire record, including Richardson's testimony, medical reports, video description of the job, and Dr. McLoughlin's deposition testimony, this is a compensable repetitive trauma injury. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the Appellate Panel erred in finding Richardson did not suffer a compensable repetitive trauma injury:  *Anderson v. Baptist Med. Ctr.*, 343 S.C. 487, 492, 541 S.E.2d 526, 528 (2001) ("The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence."); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").[2]

2.  As to whether the Appellate Panel erred in finding Richardson failed to give notice to Beal Lumber of a repetitive trauma injury:  S.C. Code Ann. § 42-15-20(C) (2015) ("In the case of repetitive trauma, notice must be given by the employee within ninety days of the date the employee discovered, or could have

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] To the extent Richardson argues the evidence shows his work-related activities aggravated a preexisting condition, the Appellate Panel did not rule on that issue, so it is not preserved.  *See Stone v. Roadway Express*, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

discovered by exercising reasonable diligence, that his condition is compensable, unless reasonable excuse is made to the satisfaction of the commission for not giving timely notice, and the commission is satisfied that the employer has not been unduly prejudiced thereby."); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 457, 562 S.E.2d 679, 682 (Ct. App. 2002) ("For adequate notice, there must be 'some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.'" (quoting Larson's Workers' Compensation Law § 126.03[1][b](2001))); *King v. Int'l Knife & Saw-Florence*, 395 S.C. 437, 444, 718 S.E.2d 227, 231 (Ct. App. 2011) ("[A] work-related repetitive trauma injury does not become compensable, and the ninety-day reporting clock does not start, until the injured employee discovers or should discover he qualifies to receive benefits for medical care, treatment, or disability due to his condition."); *id.* at 445, 718 S.E.2d at 231 (finding a repetitive trauma injury is not compensable until it either requires medical care or interferes with an employee's ability to perform his job, whichever occurs first); *Lizee v. S.C. Dep't of Mental Health*, 367 S.C. 122, 127, 623 S.E.2d 860, 863 (Ct. App. 2005) ("The claimant bears the burden of proving compliance with these notice requirements."); *King*, 395 S.C. at 443, 718 S.E.2d at 230 (explaining the findings of the Appellate Panel concerning notice should be upheld if substantial evidence supports them); *Anderson*, 343 S.C. at 492-93, 541 S.E.2d at 528 ("Where there is a conflict in the evidence, either by different witnesses or in the testimony of the same witness, the findings of fact of the [Appellate Panel] are conclusive.").

3.  As to whether the Appellate Panel erred in its credibility determinations: *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct. App. 2004) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Tennant v. Beaufort Cty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("This [c]ourt must affirm the findings of fact made by the [Appellate Panel] if they are supported by substantial evidence."); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").

4.  As to all other remaining issues:  *Stone*, 367 S.C. at 582, 627 S.E.2d at 698 ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**