**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Raquel Martinez, Employee, Respondent,

v.

Spartanburg County, Employer, and South Carolina Association of Counties Self-Insurance Fund, Carrier, Appellants.

Appellate Case No. 2019-001382

———————

Appeal from Spartanburg County
Mark Hayes, II, Circuit Court Judge

———————

Memorandum Opinion No. 2020-MO-016
Heard November 17, 2020 – Filed December 9, 2020

———————

**REVERSED**

———————

Lawson Brenn Watson and Zachary McIver Smith, of Willson Jones Carter & Baxley, P.A., of Greenville, for Appellants.

James K. Holmes and David T. Pearlman, of The Steinberg Law Firm, LLP, of Charleston, and Chadwick Dean Pye, of Chadwick D. Pye, LLC, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Appellants Spartanburg County and the South Carolina Association of Counties Self-Insurance Fund filed an appeal contending the circuit court erred in reversing the Workers' Compensation Commission's decision denying Respondent Raquel Martinez's claim. We reverse pursuant to Rule 220(b)(1), SCACR, and the following authorities:

As to whether the conditions of Martinez's employment were unusual or extraordinary, we find the Commission's decision is supported by substantial evidence in the record as a whole. *See Tennant v. Beaufort Cty. Sch. Dist.*, 381 S.C. 617, 621, 674 S.E.2d 488, 490 (2009) ("Requiring a claimant to prove exposure to 'unusual or extraordinary' circumstances in a mental-mental injury claim is consistent with the heightened burden required to prove a claim for intentional infliction of emotional distress claims, a cause of action that also allows recovery for mental injuries in the absence of physical injury."); *Powell v. Vulcan Materials Co.*, 299 S.C. 325, 328, 384 S.E.2d 725, 726 (1989) (adopting the unusual or extraordinary test that historically applied in heart attack cases). *See also Geathers v. 3V, Inc.*, 371 S.C. 570, 576, 641 S.E.2d 29, 32 (2007) ("The Full Commission is the ultimate fact finder."); *McCraw v. Mary Black Hosp.*, 350 S.C. 229, 235, 565 S.E.2d 286, 289 (2002) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("It is not the task of this Court to weigh the evidence as found by the Full Commission."); *McGuffin v. Schlumberger-Sangamo*, 307 S.C. 184, 186, 414 S.E.2d 162, 163 (1992).

Concerning whether the circuit court erred in determining causation as a matter of law, we hold the record supports more than one inference, and thus, the Commission's decision is supported by substantial evidence. *See Gause v. Smithers*, 403 S.C. 140, 150, 742 S.E.2d 644, 649 (2013) ("'Proximate cause is normally a question of fact . . . .'") (quoting *Player v. Thompson,* 259 S.C. 600, 606, 193 S.E.2d 531, 533 (1972)); *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 89, 502 S.E.2d 78, 83 (1998) ("Only when the evidence is susceptible of only one inference does proximate cause become a matter of law for the court."); *Fowler v. Abbott Motor Co.*, 236 S.C. 226, 230, 113 S.E.2d 737, 739 (1960) ("An accident arises out of the employment when it arises because of it, as when the employment is a contributing proximate cause."). *See also Tennant*, 381 S.C. at 620, 674 S.E.2d at 490 ("This Court must affirm the findings of fact made by the full commission if they are supported by substantial evidence."); *McGuffin*, 307 S.C. at 186, 414 S.E.2d at 163 ("Substantial evidence is not a mere scintilla of evidence but evidence which,

considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").

**REVERSED.**[1]

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] We decline to address Appellants' argument that this Court should overrule *Bone v. U.S. Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013) because its interpretation of a "final judgment" violates a defendant's constitutional due process and equal protection rights. *See Riverwoods, LLC v. Cty. of Charleston*, 349 S.C. 378, 387, 563 S.E.2d 651, 656 (2002) ("It is this Court's firm policy to decline to rule on constitutional issues unless such a ruling is required.").