**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry Arnette, Appellant,

v.

South Carolina Public Employee Benefit Authority, Employee Insurance Program, Respondent.

Appellate Case No. 2022-000182

———————

Appeal From the Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-246
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Jerry Arnette, of Dillon, pro se.

James Peter Rourke, of Nexsen Pruet, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Jerry Arnette appeals the decision of the Administrative Law Court (ALC) affirming the South Carolina Public Employee Benefit Authority, Employee Insurance Program's (PEBA's) denial of his claim for basic long-term disability benefits (BLTD). On appeal, Arnette argues the ALC's decision was erroneous in light of the substantial evidence that his condition was excluded from

the twenty-four-month limitation under the musculoskeletal and connective tissue conditions limitation policy and his non-limited condition prevented him from performing any occupation. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in affirming PEBA's denial of Arnette's BLTD claim. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2023) ("The review of the administrative law judge's order must be confined to the record."); *id.* ("The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact."); *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("The court of appeals may reverse or modify the decision only if substantive rights of the appellant [have] been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law."). First, as to Arnette's argument that PEBA failed to consider the side effects of his medication, we find there is substantial evidence that PEBA did review medicinal side effects. PEBA reviewed the medical records provided, including the records of medications and any side effects when those records were provided. Arnette also described some side effects in both the "Activities and Capabilities Questionnaire" and a copy of the disability letter he sent to PEBA's claim administrator, Standard Insurance Company. Second, while Arnette presented evidence that he suffered from radiculopathy and neurological abnormalities, there was substantial evidence in the record to support PEBA's finding that these conditions did not preclude him from performing *any* full-time occupation. *See DuRant v. S.C. Dep't of Health & Env't Control*, 361 S.C. 416, 420, 604 S.E.2d 704, 707 (Ct. App. 2004) ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."). During its review of Arnette's BLTD claim, PEBA requested independent medical opinions from medical specialists. The specialists concluded Arnette's conditions did not prevent him from performing sedentary full-time work activities. A vocational assessment was also conducted to identify available work Arnette could perform considering his health, education, experience, and training. The assessment identified three sedentary-based occupations that Arnette could perform. The medical opinions and vocational assessment support PEBA's determination that Arnette was not entitled to additional BLTD benefits. *See* § 1-23-610(B) ("The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact."); *Wilson v. State Budget & Control Bd. Emp. Ins. Program*, 374 S.C. 300, 305, 648 S.E.2d 310, 313 (Ct. App. 2007) ("[The court of appeals] must affirm an agency's decision when substantial evidence supports the

decision."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Wilson*, 374 S.C. at 305, 648 S.E.2d at 313 (explaining this court must affirm the agency's decision when substantial evidence exists refuting the claimant's disability claims by several physicians).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.