**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angelo Ham, #315014, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2025-000018

Appeal From The Administrative Law Court
Crystal Rookard, Administrative Law Judge

Unpublished Opinion No. 2026-UP-045
Submitted January 29, 2026 – Filed February 4, 2026

**AFFIRMED**

Angelo Ham, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Angelo Ham, pro se, appeals an order of the Administrative Law Court (ALC) that granted the South Carolina Department of Corrections' (SCDC's) motion to dismiss Ham's appeal of SCDC's denial of his grievances where he requested SCDC replace property he lost during a transfer between correctional institutions and discipline the officer who packaged his property. On appeal, Ham argues the ALC erred when it dismissed his appeal because it implicated a

state-created liberty or property interest protected by the Fourteenth Amendment and he was denied due process of law when SCDC failed to provide him adequate notice, a hearing, or "any evidence showing that these property items were not [Ham's] or him being charged according to SCDC policy/procedures." We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err when it dismissed Ham's appeal because there is substantial evidence in the record to support the ALC's finding that Ham did not indicate that SCDC officials deliberately deprived him of life, liberty, or property. *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *id.* ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding "that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("The term 'deprive,' as employed in the Fourteenth Amendment, suggests more than a mere failure to take reasonable care: it connotes an intentional or deliberate denial of life, liberty, or property."); *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) ("Furthermore, the burden is on appellants to prove convincingly that the agency's decision is unsupported by the evidence."). Consequently, because Ham's appeal does not implicate a liberty or property interest protected by the Fourteenth Amendment, he could not have been denied due process. *See Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 171, 886 S.E.2d 671, 674 (2023) ("[T]he ALC is not required to hold a hearing in every matter and may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**