**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Curtis Johnson, #337543, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2024-000487

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-118
Submitted February 3, 2026 – Filed March 11, 2026

———————

**AFFIRMED**

———————

Curtis Johnson, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Curtis Johnson, pro se, appeals an order of the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC's) denial of his grievances concerning the calculation of his sentences for voluntary manslaughter, two counts of assault and battery of a high and aggravated nature (ABHAN), and possession of a weapon during the commission of a violent crime. On appeal, Johnson argues the ALC erred when it (1) violated section

24-13-40 of the South Carolina Code (2025) and his right to due process by not awarding him time served credit for both of his consecutive sentences, (2) deprived him of equal protection under the law by not awarding him time served credit for both of his consecutive sentences, and (3) exceeded its statutory authority when it did not award credit for time served to both of his consecutive sentences.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the ALC did not violate section 24-13-40 when it affirmed SCDC's final decision and found that Johnson had received time served credit on all of his sentences.  *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *id.* ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.").  Johnson was sentenced on October 21, 2009, and SCDC's records indicate that Johnson's sentence commenced on November 20, 2006—the date of his arrest.  We find Johnson's November 20, 2006, sentence commencement date reflects the time served credit the sentencing court indicated he should receive.  *See* § 24-13-40 ("The computation of the time served by prisoners under sentences imposed by the courts of this State must be calculated from the date of the imposition of the sentence."); *id.* ("In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing . . . ."); *Wade v. State*, 348 S.C. 255, 259, 559 S.E.2d 843, 845 (2002) ("[A] court must reject a statute's interpretation leading to absurd results not intended by the Legislature.").  Consequently, his due process rights were not violated.  *See Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id.* at 369, 527 S.E.2d at 750 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972))).

2.  We hold Johnson's equal protection argument is not properly before this court because the ALC did not rule on the issue of whether Johnson was denied equal protection under the law.  *See Brown v. S.C. Dep't of Health & Env't Control*, 348

S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating that issues not raised to and ruled on by the ALC are unpreserved for appellate review).

3.  We hold Johnson's argument that SCDC exceeded its statutory authority is not properly before this court because Johnson has presented this argument for the first time on appeal.  *See id.* (stating that issues not raised to and ruled on by the ALC are unpreserved for appellate review).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.