**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Harlan D. Melton, #364742, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2025-001699

———————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————————

Unpublished Opinion No. 2026-UP-155
Submitted March 2, 2026 – Filed April 1, 2026

———————————

**AFFIRMED**

———————————

Harlan D. Melton, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————————

**PER CURIAM:** Harlan D. Melton, pro se, appeals an order of the Administrative Law Court (ALC) granting the South Carolina Department of Corrections' (SCDC's) motion to dismiss Melton's appeal of his conviction of possession of any communication device. On appeal, he argues (1) his due process and equal protection rights were violated when SCDC employees failed to follow established written policy and caused Melton to face an administrative tribunal without

evidence he requested, (2) the ALC erred because he is still a citizen of the United States and South Carolina with the same rights to due process and equal protection of the law in spite of being an incarcerated man, (3) the ALC erred because South Carolina is bound to uphold the rights to due process and equal protection of the law as all other states and federal jurisdictions are bound to uphold these same laws, and (4) the ALC erred because SCDC is bound to follow the country's and state's laws and ethical guidelines while upholding its own guidelines and written policy concerning internal agency affairs.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err when it summarily dismissed Melton's appeal of SCDC's final decision because the policies Melton alleges the SCDC officials violated did not incorporate language that required SCDC officials to reach a particular outcome; thus, they did not implicate a state-created liberty interest.  *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *id.* ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) ("[T]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." (citation omitted)); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 171, 886 S.E.2d 671, 674 (2023) ("[T]he ALC . . . may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees."); *Allen v. S.C. Dep't of Corr.*, 434 S.C. 114, 118-19, 862 S.E.2d 268, 270 (Ct. App. 2021) ("An inmate 'claiming a protected interest must have a legitimate claim of entitlement to it.  Protected liberty interests "may arise from two sources[:] the Due Process Clause itself and the laws of the States."'" (alteration in original) (quoting *Thompson*, 490 U.S. at 460)), *aff'd as modified*, 439 S.C. at 167, 886 S.E.2d at 672 (2023); *id.* at 119, 862 S.E.2d at 270 ("In order to establish a state-created liberty interest, a regulation must 'contain "explicitly mandatory language," *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow.'"

[1] We address Melton's four issues on appeal together.

(quoting *Thompson*, 490 U.S. at 463)); *id.* ("This language means if the regulation explicitly mandates an outcome based on the existence of relevant criteria then the State has created a liberty interest."). Additionally, Melton's appeal to the ALC did not include allegations that his freedom from restraint had been limited. *See id.* at 119, 862 S.E.2d at 271 ("States may also create liberty interests protected by the Due Process Clause by limiting an inmate's freedom from restraint in such a way that 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 442, 586 S.E.2d 124, 126 (2003))). Melton also argues that good-time credits are a state-created liberty interest and that SCDC exceeded its authority under section 24-13-210(B) of the South Carolina Code (2025) when it "took [thirty] days of good-time," which would accrue over ten months, and changed his projected release date from August 18, 2033, to September 17, 2033. We hold these arguments are without merit because the loss of the opportunity to earn good-time credits does not implicate a state-created liberty interest. *See Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 629, 733 S.E.2d 211, 217 (2012) ("[A]n inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest.").

Finally, because a state-created liberty interest was not implicated in the loss of the opportunity to receive good-time credit, Melton was not deprived of procedural due process. *See Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id.* at 369, 527 S.E.2d at 750 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972))).[2]

---

[2] Any argument that Melton was deprived of equal protection of the laws is not properly before this court because, other than asserting that the ability to earn good time was protected by the Equal Protection Clause, he never cited authority to support his contention. *See* Rule 208(b)(1)(E), SCACR (stating the "particular issue to be addressed" in an appellant's brief shall be "followed by discussion and citations of authority"); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.